Joshua W. Carden, SBN 021698
Joshua Carden Law Firm, P.C.
16427 North Scottsdale Road, Suite 410
Scottsdale, AZ 85254
joshua@cardenlawfirm.com
(480) 454-1100
(480) 454-1101 (Fax)
*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kodi Kately,<br><br>                 Plaintiff,<br><br>v.<br><br>Wal-Mart Stores, Inc., and Michael Petrick,<br><br>                 Defendants. | **ORIGINAL COMPLAINT**<br>**(JURY TRIAL REQUESTED)** |

Plaintiff Kodi Kately, by and through the undersigned counsel, hereby seeks relief under Title VII and 42 U.S.C. § 1981, as follows:

**PARTIES**

1. Plaintiff Kodi Kately was at all relevant times herein a resident of Maricopa County, Arizona, and an "employee" of Wal-Mart Stores, Inc. for purposes of Title VII and Section 1981, and Michael Petrick for purposes of Section 1981.

2. Defendant Wal-Mart Stores, Inc. ("Wal-Mart") is a foreign corporation at all relevant times conducting its business in Maricopa County, Arizona.

3. Wal-Mart was an "employer" of Plaintiff within the meaning of purposes of Title VII, 42 U.S.C § 2000e, *et. seq.*, and 42 U.S.C. § 1981, at all times material to this action.

4. Defendant Michael Petrick, is an individual resident of Maricopa County, Arizona, and was, at all relevant times, Ms. Kately's supervisor and "employer" within the meaning of Section 1981 only.

5. At all times pertinent to this Complaint, Wal-Mart's managerial employees were acting within the course and scope of their employment with Wal-Mart; and as a result thereof,




Wal-Mart is responsible and liability is imputed for the acts and omissions of its managerial employees, as alleged herein, under the principles of *respondeat superior*, agency, and/or other applicable law.

6. All acts alleged in this Complaint occurred in Maricopa County, Arizona.

## JURISDICTION AND VENUE

7. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331.

8. The unlawful employment practices described herein were committed within the State of Arizona, on Defendant's premises located in Maricopa County, State of Arizona.

9. Accordingly, venue in this Court is proper pursuant to 28 U.S.C. § 1391(b).

## ALLEGATIONS COMMON TO ALL CLAIMS

10. Wal-Mart is one of the nation's largest employers, employing well over 500 employees nationwide.

11. Ms. Kately is African-American.

12. Wal-Mart employed Ms. Kately beginning on October 16, 2017 as a Staff Pharmacist in one of its Glendale locations.

13. She originally worked under the supervision of Evan Turner - the only other African-American in Defendant Michael Petrick's (Caucasian male) region of supervision as the "Market Health and Wellness Director."

14. At the outset of her employment, Defendant Petrick commented to Ms. Kately that it often took up to two years for a pharmacist to feel comfortable in the role at Wal-Mart.

15. Wal-Mart provided just two weeks of training before putting Ms. Kately to work.

16. In August 2018, Petrick transferred Kately away from Mr. Turner to a different story where her supervisor was Pharmacy Manager George "Kenny" Heller (Caucasian male).

17. Thereafter, Wal-Mart, Petrick, and Heller subjected Ms. Kately to disparate and/or hostile treatment because of her race, including the following:

   a. Heller making comments that Ms. Kately's use of the polite phrase "Yes Ma'am/Sir" and "No Ma'am/Sir" must be because she is from the South and that she is used to saying those things because of slavery;



b. Heller making comments that one regular customer's nickname ("Porsha") for Ms. Kately reminded him of a "black girl in Vegas that a friend told me wanted to take him to the jungle";

c. White co-workers being allowed significant breaches of policy (including attendance and substantive procedural issues) without punishment;

d. Ms. Kately being punished for the actions or omissions of the pharmacy technicians, with little or no investigation;

e. White co-workers being given progressive discipline – including opportunities for additional training - according to Wal-Mart's policy while Ms. Kately was not;

f. Ms. Kately being compared to 5-10 year employees for evaluation, rather than similarly-situated white employees of 1-3 years;

g. Ms. Kately being punished for acts that white pharmacists are allowed to do every day;

h. Petrick threatening her job based on performance numbers that were comparable to those of white pharmacists that Petrick did not threaten;

i. Denying Ms. Kately a store transfer, while facilitating other pharmacists' requests for transfer;

j. Treating pharmacy technician overtime hours occurring during Ms. Kately's shift as a "problem" when white pharmacists were not criticized in the same fashion;

k. Tolerating racially discriminatory videos in the workplace without punishment; such as a co-worker displaying a video suggesting that Michelle Obama was transgender simply because of her appearance; and

l. Terminating Ms. Kately (without any progressive discipline) for an incident involving other employees, including a more senior pharmacist whose direction Ms. Kately followed, but who were not disciplined at all.

18. Ms. Kately complained of the harassing behavior to both Heller and Petrick, including as recently as February 22, 2019 and March 5, 2019 and asked for a transfer.

19. She was not able to locate an open position in another Wal-Mart prior to Petrick's termination of her.



20. On May 2, 2019, Petrick terminated Ms. Kately for an allegation of "gross misconduct" related to paperwork, which also involved at least one other employee who was not terminated.

21. Upon information and belief, she was replaced by a non-African-American pharmacist.

22. Shortly after Ms. Kately's termination, Evan Turner (the only other African-American) was also terminated and replaced by a white pharmacist.

23. After her termination, Ms. Kately learned that Petrick was being investigated for additional claims of discrimination.

24. Upon information and belief, Ms. Kately was terminated because of her race and/or in retaliation for her protected activity.

**Administrative Remedy Exhaustion**

25. Ms. Kately formalized a Charge of Discrimination on July 2, 2019. A true and correct copy of that document is attached as Exhibit A.

26. Ms. Kately received a notice of suit rights for the Charge from the EEOC dated August 6, 2020. A true and correct copy of that document is attached hereto as Exhibit B.

27. This Complaint is brought prior to 90 days from the date Ms. Kately received her right to sue letter.

28. All conditions precedent to the filing of this lawsuit have occurred or been satisfied.

**FIRST CAUSE OF ACTION – TITLE VII DISCRIMINATION**
**Wal-Mart only**

29. By reference hereto, Plaintiff hereby incorporates the preceding paragraphs.

30. Plaintiff is a member of a protected class: African-American.

31. As described above, Plaintiff was subject to unlawful discrimination in that she was held to a different standard than her white co-workers by her supervisors – disparate treatment because of her race.

32. Plaintiff's termination was a fruit of the unlawful discrimination evidenced by Plaintiff's supervisors.



33. In addition, Plaintiff experienced a hostile work environment due to the oppressive and demeaning racial comments and slurs expressed by her supervisors.

34. As a direct and proximate result of Wal-Mart's conduct, Plaintiff has sustained damages in the form of lost wages and value of benefits. Plaintiff continues to lose the value of such wages and benefits into the future.

35. As a direct and proximate result of Wal-Mart's conduct, Plaintiff has further sustained damages in the form of emotional distress.

36. Wal-Mart's conduct was malicious, done with reckless indifference, and/or performed with an evil mind so as to entitle Plaintiff to punitive or exemplary damages.

## SECOND CAUSE OF ACTION -
## RACED-BASED DISCRIMINATION IN VIOLATION OF 42 USC § 1981
### Both Defendants

37. By reference hereto, Plaintiff hereby incorporates the preceding paragraphs.

38. Plaintiff is a member of a non-white minority – African-American.

39. Plaintiff's employment with Wal-Mart was contractual in nature.

40. Both Defendants discriminated against Plaintiff based on her actual or perceived race in the performance, modification, and termination of her employment contract, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

41. Specifically, Defendants gave less protection from discrimination to Plaintiff and heightened the standards and requirements placed upon her than those imposed on similarly-situated white individuals.

42. Defendants' discrimination was intentional.

43. As a direct and proximate result of Defendants' conduct, Plaintiff has sustained damages in the form of lost wages and value of benefits. Plaintiff continues to lose the value of such wages and benefits into the future.

44. As a direct and proximate result of Defendants' conduct, Plaintiff has sustained damages in the form of emotional distress, embarrassment, humiliation, loss of reputation, and loss of self-esteem.

45. Defendants' conduct was malicious, done with reckless indifference, and/or performed with an evil mind so as to entitle Plaintiff to punitive or exemplary damages against the Defendants.

## THIRD CAUSE OF ACTION - RACED-BASED RETALIATION IN VIOLATION OF 42 USC § 1981

**Both Defendants**

46. By reference hereto, Plaintiff hereby incorporates the preceding paragraphs.

47. Plaintiff is a member of a non-white minority – African-American.

48. Plaintiff's employment with Wal-Mart was contractual in nature.

49. Both Defendants retaliated against Plaintiff based on her protected activity of complaining about discriminatory actions based on her race.

50. The retaliation directly impacted performance, modification, and termination of her employment contract, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

51. Defendants' retaliation was intentional.

52. As a direct and proximate result of Defendants' conduct, Plaintiff has sustained damages in the form of lost wages and value of benefits. Plaintiff continues to lose the value of such wages and benefits into the future.

53. As a direct and proximate result of Defendants' conduct, Plaintiff has sustained damages in the form of emotional distress, embarrassment, humiliation, loss of reputation, and loss of self-esteem.

54. Defendants' conduct was malicious, done with reckless indifference, and/or performed with an evil mind so as to entitle Plaintiff to punitive or exemplary damages against the Defendants.

## JURY TRIAL DEMANDED

55. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment as follows:



  A. Declaring that the acts and practices complained of herein are in violation of federal law;

  B. Directing Defendants to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect Plaintiff's employment or employment opportunities;

  C. Directing Defendants to place Plaintiff in the position she would have occupied but for Defendants' unlawful actions, and make her whole for all earnings she would have received but for Defendants' discriminatory and retaliatory treatment, including, but not limited to, back pay, front pay, pension, and other lost benefits;

  D. Awarding Plaintiff compensatory and punitive damages in an amount to be determined by the jury;

  E. Awarding Plaintiff pre- and post-judgment interest, the costs of this action, and reasonable attorneys' fees as provided by the statutes providing the causes of action cited herein; and

  F. Granting such other and further relief as this Court deems necessary and proper.

Respectfully submitted on this 22nd day of September, 2020,

        JOSHUA CARDEN LAW FIRM, P.C.

        By: s/Joshua W. Carden
        Joshua W. Carden
        *Attorneys for Plaintiff*
        *Kodi Kately*

